UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TAMARA P MIMS                                CIVIL ACTION NO. 21-cv-111

VERSUS                                       JUDGE DONALD E. WALTER

CITY OF SHREVEPORT, ET AL                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Tamara Mims, represented by attorney Christopher Hatch, filed this civil rights suit against three Shreveport police officers, the chief of police, and the City of Shreveport ("the City defendants") based on allegations of false arrest and excessive force. Before the court is a Motion to Dismiss (Doc. 8) filed by the City defendants on the grounds that Mr. Hatch has not complied with requirements that he provide the defendants with certain information about Ms. Mims' claims.

For the reasons that follow, the **Motion to Dismiss (Doc. 8)** is **denied without prejudice**, and lesser sanctions are imposed. If the requirements of those lesser sanctions are not met, then a second motion to dismiss will likely be granted, and all of Ms. Mims' claims will be dismissed. Mr. Hatch is ordered to deliver a copy of this order to Ms. Mims and, by **February 23, 2022,** file a certificate of service in the record that represents when the copy was sent and to what mailing address or email it was directed.

The history of the case shows why sanctions are appropriate. Ms. Mims' complaint was filed in January 2021. The court issued an order in July 2021 and directed the parties to serve their initial disclosures within 30 days. The City defendants served Mr. Hatch

with their initial disclosures, as evidenced by copies attached to their motion. Their attorney represents that Mr. Hatch never served his initial disclosures, even though the attorney for the City defendants sent an email to Mr. Hatch in September 2021 and reminded him that his initial disclosures were past due. Counsel for the City defendants also wrote that she had sent Mr. Hatch multiple emails requesting a settlement offer, but he had not responded.

Judge Walter entered a scheduling order (Doc. 7) that set a jury trial date for May 23, 2022. The scheduling order provided that Ms. Mims' witness list was due by December 13, 2021, and the deadline for completion of discovery was January 24, 2022. Counsel for the City defendants has submitted emails that indicate written discovery requests were served on Mr. Hatch on September 29, 2021. Responses were due within 30 days, but responses were never filed. That said, the City defendants did not file a motion to compel within the discovery deadline.

The City defendants requested dates from Mr. Hatch for a deposition of Ms. Mims, but emails indicate that Mr. Hatch never provided any dates despite a later reminder. Those emails also show that defense counsel reminded Mr. Hatch on December 14, 2021 that his witness list and discovery responses were past due. Defense counsel represents that none of those items were ever received. The court allowed Mr. Hatch 14 days to respond to the City defendants' motion to dismiss, but he did not file any timely opposition. In other words, the record indicates that Mr. Hatch has not done anything since he filed the complaint, and he has missed several important deadlines that put his client's case in jeopardy of being dismissed for failure to prosecute.

If the court were to grant the City defendants' motion and dismiss the complaint, it would effectively be a dismissal with prejudice (meaning the suit could not be refiled) because any new complaint would be time-barred. Federal Rule of Civil Procedure 41(b) allows dismissal with prejudice only where there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice. Generally, when a plaintiff has failed to comply with a few orders or rules, the district court abuses its discretion in dismissing a suit with prejudice, especially if the court has not first tried a lesser sanction or issued a warning that dismissal would follow any further violations. Johnson v. Jones, 794 Fed. Appx. 400 (5th Cir. 2019). Additionally, in most cases where the Fifth Circuit has affirmed dismissals with prejudice, the court found at least one of three aggravating factors: (1) delay caused by the plaintiff herself and not her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court finds that the best exercise of its discretion in these circumstances is to deny the motion to dismiss without prejudice, and issue lesser sanctions in an effort to gain compliance. There is no indication that Ms. Mims is aware of the violations at issue, so it would be a harsh penalty to dismiss her case without affording her notice of the situation and an opportunity to get her case back on track. That is why the court ordered that Mr. Hatch serve a copy of this order on Ms. Mims. If Ms. Mims wishes to retain a new attorney, she should do so as soon as possible. If a new attorney does enroll promptly, the court will consider affording relief from the current scheduling order and related deadlines to allow

the new attorney to adequately prepare and present a case. That said, a late enrollment of a new attorney may not justify such a continuance.

Mr. Hatch is sanctioned $350, which he is ordered to pay to the defendants, through their defense counsel, by **March 11, 2022**. He is also ordered to serve the plaintiff's Rule 26 initial disclosures and responses to the previously served written discovery by **March 11, 2022**. Failure to comply with this order may result in additional sanctions. If there is no compliance with this order, and the City defendants file a new motion to dismiss for failure to prosecute, that motion will likely result in the dismissal of Ms. Mims' case with prejudice, meaning she would not be able to refile it.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of February, 2022.

Mark L. Hornsby
U.S. Magistrate Judge